```
           IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF KANSAS
```

**MATTHEW D. KRALLMAN,**

                                  **Plaintiff,**

          **v.**                                          CASE NO. 06-3060-SAC

**KATHLEEN SEBELIUS, et al.,**

                                  **Defendants.**

<u>MEMORANDUM AND ORDER</u>

        This "Complaint/Petition" asserting jurisdiction under 42 U.S.C. 1983 was filed pro se but not on court-provided forms by an inmate of the Shawnee County Adult Detention Center, Topeka, Kansas (SCADC). Plaintiff alleges the "Government of Kansas" is suppressing or misrepresented terms of a plea agreement in a state criminal case in which he was convicted, and that he faces being subjected to double jeopardy in another state criminal case which is about to go to trial.

<u>**FACTS & PROCEDURAL HISTORY**</u>

        Briefly, the facts from the pleadings include that plaintiff was charged with sex crimes against his stepdaughter committed when they resided in Shawnee County and again when they resided in Jefferson County. On August 5, 2004, Krallman pled no-contest in Jefferson County District Court to one count of aggravated indecent liberties with a child in violation of K.S.A. 21-3504(a)(3)(A). He was sentenced on September 2, 2004, to 60 months in prison.

        Plaintiff apparently was then transferred to Shawnee

County for prosecution on one count of rape and one count of sodomy.  These crimes are alleged to have occurred between November 17, 2000 and February 1, 2002, in his residence in Shawnee County.  Plaintiff filed a pretrial motion to dismiss the Shawnee County charges, claiming prosecutors in both counties had agreed during plea bargaining that his conviction in Jefferson County was for the offenses against the victim in Shawnee County as well as the ones in Jefferson County.  The Shawnee County judge informed him that such an agreement would be illegal and remarked he must have misunderstood.

Plaintiff alleges he also filed in Shawnee County a "motion" for hearing "to determine the agreement Shawnee County made for this petitioner to plead in the Jefferson County case;" a "double jeopardy motion to dismiss case;" and a "Petition for Mandamus" on November 28, 2005 (Case No. 05C1528).  Plaintiff then filed this federal action in which he seeks "immediate injunctive relief to estopp (sic) the government," and money damages.

**CLAIMS**

Plaintiff asserts two theories in support of his claim that he is being subjected to double jeopardy.  First, he claims he is being prosecuted twice for the same acts.  In support of this theory, he generally alleges that the issues decided in the former prosecution in Jefferson County are "identical" to those in the case now pending in Shawnee County, so that trial on the charges in Shawnee County constitutes double jeopardy.  He

alleges in particular that the victim's descriptions of the rape and sodomy in Jefferson County are "absolutely similar" to her descriptions of the crimes in Shawnee County[1].

Plaintiff's second theory is that his plea and conviction in Jefferson County disposed of all offenses against the victim that occurred in Shawnee County as well as Jefferson County according to the plea agreement accepted in the District Court of Jefferson County.

Plaintiff has filed an Emergency Motion for injunction (Doc. 4), asking this court to stay Case No. 04CR990, <u>State of Kansas v. Krallman</u>, in the District Court of Shawnee County, which he alleges is set for trial on March 27, 2006.

**DISCUSSION**

Because plaintiff is an inmate, this court is required under 28 U.S.C. 1915A to screen the complaint and to dismiss any portion of the complaint that is frivolous, fails to state a claim, or seeks relief from a defendant who is immune from such relief. This complaint is deficient in several respects.

First, the Eleventh Amendment bars a claim for damages against the Governor and Attorney General of the State of Kansas in their official capacities. <u>Kentucky v. Graham</u>, 473 U.S. 159, 166 (1985). Moreover, plaintiff does not allege any of the

---

[1] On November 10, 2005, Krallman filed in Shawnee County (Case No. 04CR00990) a "Motion to Dismiss with Prejudice" asserting K.S.A. 21-3108 (effect of former prosecution)(Exh. 9). Therein, he claimed he was formerly prosecuted for the same crimes in Jefferson County on the same dates with the same victim. This motion is mostly a discussion of legal authorities, rather than facts as to how the two sets of crimes were really only one offense.

requisite personal participation by the named defendants in his criminal prosecutions in either Jefferson or Shawnee County. Thus, plaintiff seeks relief from defendants who are immune to suit for money damages.

The other relief prayed for by plaintiff, dismissal of pending state criminal charges or the overturning of his state conviction based on an improvident guilty plea, is not properly sought in a civil rights complaint. To the extent plaintiff alleges constitutional error in either his conviction in Jefferson County District Court or the pending criminal proceedings in Shawnee County District Court, his exclusive remedy lies in a petition for writ of habeas corpus. See Preisner v. Rodriguez, 411 U.S. 475 (1973). His claim for money damages based upon state criminal prosecutions is premature under Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), unless he can show that the state criminal proceedings have already been invalidated by a court.

Furthermore, federal habeas relief may not be granted absent a showing of full exhaustion of available state court remedies, 28 U.S.C. 2254(b)(1). Challenges to the plea agreement in Jefferson County were properly raised by Krallman in a motion to withdraw plea in the state trial court. However, those claims must have been presented not only to the trial court, but to the Kansas appellate courts as well. The question of whether or not plaintiff's plea was knowingly and intelligently entered because either the plea agreement contained misrepresentations or was breached is clearly one for

4

the state courts in the first instance.  There is no indication in plaintiff's pleadings that he appealed[2] the Jefferson County trial judge's denial of his motion to withdraw plea to the highest state appellate court, or that he has raised this claim under K.S.A. 60-1507 and by that collateral means presented it to the highest state court[3].

Finally, plaintiff's claim of double jeopardy based on his allegations of being prosecuted twice for the same offense is not supported by sufficient facts to exempt him from the exhaustion requirement on this claim.  The double jeopardy clause of the Fifth Amendment, applicable to the states through the Fourteenth Amendment, provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. Amend. V; <u>Monge v. California</u>, 524 U.S. 721, 727-28 (1998); <u>Benton v. Maryland</u>, 395 U.S. 784, 794 (1969).  It protects the criminal defendant against (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple criminal punishments for the same offense.  <u>Brown v.</u>

---

[2] Krallman exhibits a "Notice of Appeal" filed in the District Court of Shawnee County on November 10, 2005, however it merely requested permission to pursue an interlocutory appeal "should this court rule against" him on his motion to dismiss.  Krallman also exhibits a letter he wrote to an attorney (Exh. 11), whom he states was appointed as co-counsel in Case No. 05 C 1528.  There is no indication that an appeal has been properly filed or determined.

[3] Krallman also exhibits a Petition for Mandamus he filed in Shawnee County Court on November 28, 2005 (Exh. 12).  In this pleading, Krallman asked the court to order the State of Kansas to stay and dismiss Case No. 04 CR 990.  Plaintiff states in his motion before this court that he has appealed the decision on his state petition for mandamus, and the appeal has been docketed as Case No. 06-95983-A.  Rather than showing full exhaustion, plaintiff's allegations indicate he currently has 2 actions pending in state court which raise the claims he seeks to have adjudicated prematurely by this court.

Ohio, 432 U.S. 161, 165 (1977).

Plaintiff's own factual allegations refute rather than support his theory that he is being prosecuted twice for the same offense. He states the charges in Jefferson County were for crimes committed between February 21, 2002 through June 3, 2003; while the charges in Shawnee County are for crimes committed between November 17, 2000 through February 1, 2002. Moreover, the transcript of the plea proceedings in Jefferson County plainly shows plaintiff entered a plea for acts he committed "on or about the 27th day of May, 2003 and the 30th day of May, 2003 . . . within Jefferson County . . . ." The locations and dates of the offenses are obviously not the same and, thus, the two sets of charges are obviously not for the same offense[4]. The fact that plaintiff committed similar illegal acts upon the same victim does not make his commission of those acts again, at a different location and time, a single offense. See State v. Grissom, 251 Kan. 851, 896 (Kan. 1992).

---

[4] This court has considered that in Abney v. United States, 431 U.S. 651 (1977), the United States Supreme Court held that denial of a motion to dismiss an indictment on double jeopardy grounds constitutes a final order for purposes of 28 U.S.C. § 1291. That decision was based upon the special nature of the double jeopardy right and recognition that the right cannot be fully vindicated on appeal, since in part the Double Jeopardy Clause protects "against being twice put to trial for the same offense." Id., at 661 (emphasis in original). Because the Clause "protects interests wholly unrelated to the propriety of any subsequent conviction," id., a requirement that a defendant run the entire gamut of state procedures, including retrial, prior to consideration of his claim in federal court, would require him to sacrifice one of the protections of the Double Jeopardy Clause. Justices of Boston Mun. Court v. Lydon, 466 U.S. 294, 302-03 (1984). However, plaintiff's double jeopardy claim is not sufficient to warrant pretrial intervention in a state court proceeding by the federal court. Federal courts look to state law to determine whether a state defendant committed one or more than one offense for double jeopardy purposes. Steele v. Young, 11 F.3d 1518, 1523 (10th Cir. 1993). Pursuant to K.S.A. 21-3108, three elements must be present to bar a subsequent prosecution. The third requirement is that the charge in the second prosecution must have been one which could have been charged as an additional count in the prior case. State v. Baker, 877 P.2d 946, 950 (Kan. 1994). As noted, the charges filed in Shawnee County are for acts committed in plaintiff's residence wholly in that county. There is no showing that these crimes could have been charged, tried or dismissed in Jefferson County.

The court perceives more potential for merit review in plaintiff's other theory that under the Jefferson County plea agreement his plea and conviction in Jefferson County covered all offenses against the victim that occurred in Shawnee County as well as Jefferson County. In support of this theory, Krallman exhibits and quotes from the transcript of the plea proceedings in Jefferson County. This record shows the judge and the prosecutor made comments referring to "plea negotiations whereby the sentence in Jefferson County and any in Shawnee County would not exceed 60 months." The Jefferson County judge, after finding Krallman guilty based upon his plea, stated: "the total cumulative sentence between this and the sentence in Shawnee County, Kansas, whatever it may be, at least from this Court's point of view, will not exceed five years, 60 months." The judge added: "I don't have any control over what sentence they are going to pronounce him to down there." The court plainly informed Krallman before he entered his plea that if he pled guilty to count II, count I would be dismissed, and it was.

Plaintiff alleges he agreed to the no contest plea because it afforded him no further prosecution by "the State" and that this was the "clear intention" represented by County Attorney Keck. He complains the "State of Kansas" is refusing to honor the "judgment" of the Jefferson County court that the prosecutions were joint[5] and the sentence of 60 months was for all crimes. He asserts the "State of Kansas" is bound by the

---

[5] Plaintiff cites K.S.A. 22-3203 as authority for his claims, which provides for consolidation of separate complaints, informations or indictments against a single defendant for trial. However, this statute does not provide that indictments in different jurisdictions may be consolidated.

7

plea agreement.

This theory may be nothing more than petitioner's self-serving interpretation of superfluous or ambiguous comments made by the prosecutor and the judge during the Jefferson County plea proceedings[6]. On the other hand the comments made by the Jefferson County judge and prosecutor at the plea proceeding regarding the charges pending in Shawnee County are certainly not a model of clarity. This court's reading of the exhibited transcript suggests the prosecutors from the two different jurisdictions had discussed offering to recommend to the courts in their respective jurisdictions a downward departure to a sentence of 60 months. Perhaps they even discussed recommending concurrent sentences, although that is never stated. They apparently discussed some sort of agreement as to how to proceed and possible offers to Krallman in exchange for his pleading guilty to some or all of the charges. However, plaintiff at this juncture does not present evidence that the prosecutors

---

[6] On September 9, 2005, in Shawnee County District Court, Krallman filed a "Motion for Hearing to Determine Tim Keck's Sentencing Agreement with Jefferson County." Therein, he alleged that Shawnee County and Jefferson County entered a "joint sentencing agreement" for a total cumulative sentence of no more than 60 months. He quoted the Jefferson County prosecutor as stating in the plea proceeding that the two counties were negotiating an agreement "that we would both recommend to the court" a downward departure to 60 months at sentencing. Also in this motion he argued that Judge Nafziger clearly found he had jurisdiction over the total sentence for the Jefferson and Shawnee county offenses, and Shawnee County prosecutor Keck waived jurisdictional defects and his right to prosecute by agreeing to conviction of the Shawnee County offenses in Jefferson County and failing to object at the Jefferson County plea proceeding. He also claims the written plea agreement noted the joint plea, but the State improperly altered the agreement by handwriting the word "attempted" in the margin. However, he says he is unable to produce a copy of the written agreement. He asked the Shawnee County District Court to dismiss Case no. 04 CR 990 on this basis.

The court makes no findings of fact regarding these allegations and they are dismissed without prejudice to plaintiff raising them in the state courts, and after full exhaustion, in a federal habeas corpus petition. However, plaintiff is warned that there is a one-year statute of limitations for bringing a federal habeas action, 28 U.S.C. 2244(d)(1), which may be tolled by a pending state action based upon the same claim.

8

from the two counties reached a "joint" agreement or that such an agreement actually became a provision of the written plea agreement in Jefferson County. Instead, the statement was made at the plea proceeding that Keck had been involved in negotiations but was "never were able to plea."

In any event, it is highly unlikely that such an agreement would have bound the Shawnee County Court. Under K.S.A. 22-2601, the state district courts have exclusive jurisdiction to try all criminal cases under the laws of the State of Kansas. K.S.A. 22-2602 provides, "Except as otherwise provided by law, the prosecution shall be in the county where the crime was committed." Thus, Jefferson County was neither the proper venue nor the proper jurisdiction for prosecution of acts committed in Shawnee County. See State v. Schroeder, 279 Kan. 104, 111-112 (2005). Shawnee County is a separate jurisdiction from Jefferson County, and a judge in one jurisdiction would have no power to dismiss a prosecution for crimes committed in another. Plaintiff's referral to the entity prosecuting him as the "State of Kansas" does not expand the jurisdiction of the Jefferson County Court to resolve charges pending in Shawnee County. Thus, even if the facts alleged by plaintiff can be proven (that the prosecutor and judge in Jefferson County misrepresented to him that in exchange for his plea in Jefferson County there would be no prosecution or sentence on the charges in Shawnee County), the proper remedy might be the withdrawal of plaintiff's plea in the Jefferson County case, rather than dismissal of the charges in Shawnee

County.

In sum, the gist of this claim is a challenge to plaintiff's plea agreement and conviction in Jefferson County, a habeas claim which requires exhaustion, and which on its face is insufficient to entitle plaintiff to a stay of the trial pending in Shawnee County.

**MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**

Plaintiff has also filed a Motion for Leave to Proceed in forma pauperis (Doc. 2). However, this motion is not on court-provided forms[7] and does not include a proper affidavit or a certified statement of plaintiff's inmate account as required by 28 U.S.C. 1915. Pursuant to 28 U.S.C. 1915(b)(1), plaintiff ordinarily would be required to pay the full $250 filing fee in this action. Obtaining leave to proceed in forma pauperis would only entitle him to pay that fee over time by periodic payments from his inmate trust fund account as detailed in 28 U.S.C. 1915(b)(2). However, this motion will be dismissed as moot.

**MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff has also filed a Motion to Appoint Counsel (Doc. 3). This motion is denied, since plaintiff is not properly before this court at this time.

---

[7] Plaintiff is advised that the court provides, upon request, forms for filing either federal habeas corpus actions or civil rights complaints as well as motions for leave to proceed in forma pauperis. These forms include instructions and filing requirements, which may help him to avoid filing an improper action in the future. Plaintiff will not be required to pay the $250 filing fee in this action since his motion is moot due to its dismissal upon screening. However, he may be obligated to pay the fee in future actions, even if they are not properly filed or the proper way to proceed for the requested relief.

For all the foregoing reasons, the court finds this action must be dismissed, without prejudice, under 28 U.S.C. 1915A. This court anticipates that any future 2254 Petition filed by Krallman would not be handled as possibly "second and successive" under 28 U.S.C. 2244(b)(3) on account of this opinion in which this court has declined to reach the merits of his claims due to his failure to exhaust.

Plaintiff submitted a "Notice of Appeal" with his complaint which states therein it is to be filed in the event this court denied his Emergency Motion. This pleading has not been and will not be filed as a Notice of Appeal since it was submitted before the decision in this case was entered and references interlocutory appeal. Plaintiff has a statutory 30-day period in which to file a proper Notice of Appeal of this Order of Dismissal if he so desires.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff's motions for leave to proceed in forma pauperis (Doc. 2), for appointment of counsel (Doc. 3), and for "Question/Proposition of Law" (Doc. 7) are denied as moot.

**IT IS FURTHER ORDERED** that plaintiff's emergency motion for injunction (Doc. 4) is denied; and this action is dismissed, without prejudice.

Dated this 22nd day of March, 2006, at Topeka, Kansas.

<pre>
                              s/Sam A. Crow
                              U. S. Senior District Judge
</pre>